**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JONATHON SHARKEY, )<br>)<br>          Plaintiff, )<br>vs. )<br>)   No. 1:09-cv-1127-LJM-DML<br>DAVID CERTO, )<br>)<br>          Defendant. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. Plaintiff Sharkey's motion to show cause (dkt 35) has been considered. In this motion, Mr. Sharkey seeks the issuance of an order directing the defendant and/or his representatives to show cause why they should not be punished for what he characterizes as their unlawful actions. What he appears to seek in particular is an adjustment or oversight into a different matter, a criminal case, in an Indiana state court. The court can discern no effect by anyone on the plaintiff's filings in this case. The court is not connected with the criminal case in Marion County. The motion to show cause (dkt 35) is **denied.**

2. The defendant's motion to strike the motion to show cause (dkt 37) is **denied.**

3. The plaintiff's other motion to show cause (dkt 39) is **denied.** The reason for this ruling is the same as that explained for the ruling in paragraph 1 of this Entry.

4. This is an action in which Sharkey invokes the court's diversity jurisdiction in asserting a claim of defamation. The defendant is David Certo, a judge of the Marion Superior Court. That is the court in which the plaintiff was prosecuted and Certo, according to his motion to dismiss, was one of the victims in the case. In the course of the case, Certo wrote a letter to the presiding judge in the case. That letter contains the allegedly defamatory statements.

a. Because this is a diversity case, the court applies Indiana's substantive law and federal procedural law. *See Hanna v. Plumer,* 380 U.S. 460 (1965); *Bevolo v. Carter,* 447 F.3d 979, 982 (7th Cir. 2006).

b. To support a viable claim for relief, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A claim has facial plausibility when the factual content in the pleadings allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* In addition, although 12(b)(6) motions are designed to ensure the sufficiency of the legal basis for a claim, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

c. Defamation is "that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." *Ratcliff v. Barnes,* 750 N.E.2d 433, 436 (Ind.Ct.App. 2001). To establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Lovings v. Thomas,* 805 N.E.2d 442, 447 (Ind.Ct.App. 2004)(*citing atcliff,* 750 N.E.2d at 436).

d. The defendant argues that Sharkey's complaint is subject to dismissal because of Indiana's recognition of judicial immunity. The application of this doctrine to Sharkey's claim is not, however, self-evident from the face of the amended complaint. He has not shot himself in the foot by pleading himself out of court. The motion to dismiss (dkt 25) is **denied.**

**IT IS SO ORDERED.**

Date: 10/25/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jennifer Lynn Haley
jhaley@indy.gov

Alexander Phillip Will
awill@indygov.org

Jonathon Sharkey
5470 East Busch Blvd. #192
Temple Terrace, FL 33617